```
                                              FILED

                                           AUG - 9 2005

                                    UNITED STATES BANKRUPTCY COURT
                                    EASTERN DISTRICT OF CALIFORNIA
```

1          UNITED STATES BANKRUPTCY COURT

2          EASTERN DISTRICT OF CALIFORNIA

3              MODESTO DIVISION

4

5   In re:                          )   Case No. 02-94751-D-11
                                    )
6   SAFWAT M. ABSOOD and            )   Chapter 11.
    SHEILA A. ABSOOD,               )
7                                   )
          Debtor(s).                )
8                                   )
    _____)
                                    )
9   SAFWAT M. ABSOOD and            )
    SHEILA A. ABSOOD,               )   Adv. No. 04-9150-D
10                                  )
          Plaintiff(s),             )
11                                  )   D.C. Nos. CWS-7
    vs.                             )             CWS-8
12                                  )
                                    )
13  PETER C. NIELSEN and BARBRU C.  )   Date:  June 28, 2005
    NIELSEN, WILLIAM F. WEBB,       )   Time:  10:30 a.m.
14  deceased, ESTATE OF WILLIAM F.  )   Place: Hon. Thomas C. Holman
    WEBB, GWENDOLYN H. WEBB, WEBB   )          Courtroom 33
15  MANAGEMENT CORPORATION PENSION  )          Sixth Floor
    PLAN, 500 COFFEE ROAD           )          U.S. Courthouse
16  PARTNERSHIP and DOES 1 through  )          501 I Street
    10,                             )          Sacramento, CA 95814
17                                  )
          Defendant(s).             )
18                                  )
    _____)
19

20

21                     MEMORANDUM DECISION

22      Before the court are two motions (collectively, the

23  "Motions") by defendants Peter C. Nielsen, Barbru C. Nielsen,

24  Gwendolyn H. Webb, Webb Management Corporation Pension Plan and

25  500 Coffee Road Partnership (collectively, the "Moving Parties").

26  The first motion (the "Motion to Dismiss") seeks to dismiss the

27  Fourth Claim For Relief ("FCR") in the Second Amended Complaint

28  filed April 5, 2005 (the "SAC") for failure to state a claim upon

1  which relief can be granted (Fed.R.Civ.P. 12(b)(6)).   The second

2  motion (the "Motion to Strike") seeks to strike from the prayer

3  in the SAC two paragraphs relating to the FCR as immaterial and

4  impertinent (Fed.R.Civ.P. 12(f)).   For the reasons stated in

5  this Memorandum, the Motions are denied.

6      However, the court <u>sua</u> <u>sponte</u> orders a more definite

7  statement of the FCR pursuant to Bankruptcy Rule 7012 and

8  F.R.Civ.P. 12(e).  Within twenty days after entry of the order on

9  this Memorandum Decision, plaintiffs shall file and serve an

10  amended complaint that restates the FCR to include the following:

11  (1) each and every term of the alleged oral operational

12  partnership agreement, except terms that are contained in the

13  California Uniform Partnership Act of 1994, Cal. Corp. Code §

14  16100, et seq. ("RUPA") and are not altered by the alleged oral

15  operational partnership agreement, including the source of each

16  such non-statutory term, and (2) each and every fact that

17  plaintiffs claim to support plaintiffs' contentions (A) that

18  defendants have waived the effect of any provision of law or any

19  provision of any agreement and (B) that defendants are estopped

20  to assert the effect of any provision of law or any provision of

21  any agreement.  If plaintiffs fail within the time allowed to

22  file and serve an amended complaint containing the required

23  averments, the FCR will be dismissed.

24                              **DISCUSSION**

25

26      The purpose of a motion to dismiss under Rule 12(b)(6)
   of the Federal Rules of Civil Procedure, made
   applicable here under F.R.B.P. 7012, is to test the
27   legal sufficiency of a plaintiff's claims for relief.

28                              -2-

1        In determining whether a plaintiff has advanced
    potentially viable claims, the complaint is to be
2   construed in a light most favorable to the plaintiff
    and its allegations taken as true.  Scheuer v. Rhodes,
3   416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974);
    Church of Scientology of Cal. v. Flynn, 744 F.2d 694,
4   696 (9th Cir.1984).... The complaint should not be
    dismissed for a failure to state a claim unless it
5   appears that the plaintiff can prove no set of facts in
    support of the claim which would entitle plaintiff to
6   relief.  Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2
    L.Ed.2d 80 (1957); Jacobson v. Hughes Aircraft Co., 105
7   F.3d 1288, 1292 (9th Cir.1997).

8   Quad-Cities Constr., Inc. v. Advanta Business Services Corp. (In

9   re Quad-Cities Constr., Inc.), 254 B.R. 459, 465 (Bankr. D. Idaho

10  2000).

11      The Motion to Dismiss states that the FCR fails to state a

12  claim on which relief can be granted because "it fails to put

13  forth an adequate basis for an accounting action and...an

14  accounting action is barred by the relevant statute of

15  limitations."

16      The FCR (¶¶ 37 - 42 of the SAC) alleges a course of conduct

17  by defendants in violation of an oral partnership agreement (an

18  oral partnership called the "operational partnership" is alleged

19  at ¶ 8 of the SAC) and in violation of Cal. Corp. Code § 15032 (a

20  repealed statute).  As a result of the alleged course of conduct,

21  plaintiffs allege (1) that defendants have breached the oral

22  partnership agreement, (2) that plaintiffs have waived any claim

23  of dissociation, (3) that defendants are estopped from asserting

24  that plaintiffs are no longer partners in the operational

25  partnership, (4) that defendants are estopped from asserting an

26  accounting period different from that asserted by plaintiffs, (5)

27  that a receiver should be appointed to take possession of

28                                  -3-

1  partnership assets, (6) that the operational partnership should
2  be dissolved and (7) that defendants should be required to
3  account to plaintiffs for all partnership activities from the
4  formation of the operational partnership on or about February 4,
5  1987 to the time of trial.

6      The court has struggled with the issue of plaintiffs' status
7  under RUPA and has concluded that plaintiffs' status cannot be
8  determined from the SAC.  Paragraph 8 of the SAC simply says that
9  "the parties formed an oral partnership for purposes of operating
10  the real property, entering into leases, collecting rents and
11  general maintenance, upkeep and other operational activities...."
12  Nowhere in the SAC do plaintiffs allege what interests they and
13  the defendants were assigned in the oral partnership agreement or
14  whether the partnership was one for a definite term or particular
15  purpose.  The latter issue is relevant, for example, in
16  determining whether the operational partnership was dissolved
17  (assuming plaintiffs' dissociation) under Cal. Corp. Code §
18  16801.

19      It is not necessary, however, to reach these status issues
20  at this time, because plaintiffs have alleged estoppel and
21  waiver, as set forth above.  Estoppel and waiver are possible
22  theories under RUPA.  Cal. Corp. Code § 16104; Cal. Civil Code §
23  3513.  They are also possible defenses in reference to statutes
24  of limitation.  United States v. Locke, 471 U.S. 84, 94 n. 10,
25  105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985)("Statutory
26  filing deadlines are generally subject to the defenses of waiver,
27  estoppel and equitable tolling.")  Thus, if plaintiffs can
28                                  -4-

1  establish estoppel and/or waiver, defendants will be unable to
2  rely on plaintiffs' claimed dissociated status to prevent them
3  from seeking an accounting.  Likewise, if plaintiffs can
4  establish estoppel and/or waiver, defendants will be unable to
5  rely on any statute of limitations to prevent plaintiffs from
6  seeking an accounting, or to limit the time for which an
7  accounting may be sought.

8       The court stresses that no estoppel or waiver has been
9  established yet.  The court expresses no view as to whether such
10  theories will be established.  However, the court cannot conclude
11  at this point that plaintiffs can prove no set of facts that
12  would entitle them to relief and the Motion to Dismiss is denied.

13       The Motion to Strike seeks to strike paragraphs 8 and 10
14  from the prayer of the SAC.  The two paragraphs address
15  plaintiffs' request for a partnership accounting for the period
16  of February 1987 through and including the time of trial.  The
17  Motion to Strike argues that request is both immaterial and
18  impertinent because "it is beyond the statute of limitations."
19  As noted above, the statute of limitations defense raised by the
20  Moving Parties is subject to allegations of estoppel and waiver.
21  Should Plaintiffs prevail on their argument, the two paragraphs
22  are necessary to define the scope of relief to be awarded.  As
23  such, the two paragraphs are neither immaterial nor impertinent.
24  For this reason, the Motion to Strike is denied.

25       The court can require a more definite statement <u>sua sponte</u>.
26  <u>Anderson v. Dist. Bd. Of Trustees of Central Florida Comm. Coll.</u>,
27  77 F.3d 364, 367 n. 5 (11th Cir. 1996).  In this instance, the

28                                    -5-

court requires such a statement so that the defendants and the
court can know the claimed terms of the alleged oral operational
partnership and the alleged facts which form the basis of
plaintiffs' estoppel and waiver arguments.

The court will issue a separate order addressing both
Motions.


Dated:  AUG - 9 2005

Thomas C. Holman
United States Bankruptcy Judge

-6-

**CERTIFICATE OF MAILING**

I,                    , in the performance of my duties as Deputy

Clerk to the Honorable Thomas C. Holman, mailed by ordinary mail

a true copy of the attached document to each of the parties

listed below:

Steven S. Altman, Esq.
P.O. Box 1291
Modesto CA 95353

Clifford W. Stevens, Esq.
Neumiller & Beardslee
P.O. Box 20
Stockton CA 95201-3020

DATE: 8-10-05

_____
Deputy Clerk

-7-